**Electronically Filed
Intermediate Court of Appeals
29601
20-NOV-2012
09:41 AM**

NO. 29601

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN RE: MARN FAMILY LITIGATION

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(MASTER FILE NO. 00-1-MFL)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., and Foley and Fujise, JJ.)

Appellant Alexander Y. Marn (Alexander) appeals from two interlocutory orders entered by the Circuit Court of the First Circuit (Circuit Court):[1] (a) "Order Granting (1) James K.M. Dunn's, Successor Trustee of the Annabelle Y. Dunn Trust, Dated June 18, 1991, Motion for Order Authorizing the Liquidating Receiver to Sell the McCully Shopping Center [(MSC)] (Filed July 15, 2008) and (2) Receiver Thomas E. Hayes' Joinder in James K.M. Dunn's, Successor Trustee of the Annabelle Y. Dunn Trust, Dated June 18, 1991, Motion for Order Authorizing the Liquidating Receiver to Sell the [MSC] Filed July 15, 2008 (Filed September 3, 2008)" (Order Authorizing Sale of the MSC by Liquidating Receiver), which was filed on October 9, 2008; and (b) "Order Granting in Part and Denying in Part Motion for Injunctive Relief, Reconsideration and/or Modification of Order Granting (1)

_____

[1] The Honorable Victoria S. Marks presided over the proceedings relevant to this appeal.

James K.M. Dunn's Motion for Order Authorizing the Liquidating Receiver to Sell the [MSC] and (2) Receiver Thomas E. Hayes' Joinder in James K.M. Dunn's Motion for Order Authorizing Liquidating Receiver to Sell the [MSC] filed October 20, 2008" (Order Regarding Injunction), which was filed on January 2, 2009. As explained below, we dismiss this appeal for lack of appellate jurisdiction.

I.

A.

This appeal arises out of protracted litigation involving members of the Marn family over the operation and management of Marn family businesses. Numerous lawsuits and over ten appeals have been filed.

James Y. Marn, Jr. (James), Alexander, Eric Y. Marn (Eric), and Annabelle Y. Dunn (Annabelle) are siblings. They were the four limited partners of McCully Associates, a Hawai'i Limited Partnership (MA), when MA was formed. The general partner for MA was Ala Wai Investment, Inc. (AWI). MA owned and managed numerous properties, including the McCully Shopping Center (MSC). After Annabelle died in 1996, her limited partnership interest was held by the Annabelle Y. Dunn Trust (AYD Trust), and Annabelle's son, Gregory Y.Y. Dunn (Gregory) was elected to serve as a director of AWI along with James, Alexander, and Eric. Gregory's selection as a director resulted in a "hopeless deadlock" in the AWI's board of directors as Gregory and James opposed the actions and initiatives sought by Alexander and Eric.

In October 1998, Alexander and Eric filed a lawsuit seeking to purchase the partnership interest held by the AYD Trust (Buyout Lawsuit). In December 1998, James filed a lawsuit, in which the AYD Trust later joined, against Alexander and Eric, alleging breach of fiduciary duties and the partnership agreement, self-dealing, and fraud, and seeking a judicial accounting, appointment of a receiver for AWI, and removal of AWI as the general partner of MA (Judicial Accounting Lawsuit). In 2002, the Circuit Court appointed a receiver, who took over the

2

operation of MA, and in 2006, the Circuit Court converted the interim receivership into a liquidating receivership.  The Circuit Court held two trials relating to the Judicial Accounting Lawsuit in November 2005 and June 2006 and a trial relating to the Buyout Lawsuit in April 2007.

B.

On October 9, 2008, the Circuit Court filed the Order Authorizing Sale of the MSC by Liquidating Receiver.  By that time, the receiver had sold several other properties, besides the MSC, that had been owned by MA.  On January 2, 2009, the Circuit Court issued the Order Regarding Injunction.  With respect to the these two orders, the Circuit Court did not issue a Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b) (2000) certification or authorize an interlocutory appeal pursuant to Hawaii Revised Statutes (HRS) § 641-1(b) (1993).

After Alexander filed his notice of appeal from the two orders, the AYD Trust filed a motion to dismiss the appeal for lack of appellate jurisdiction, in which Appellee Thomas E. Hayes, Liquidating Receiver (Hayes), joined.  This court issued an order that denied the motion to dismiss without prejudice to the parties addressing appellate jurisdiction in their appellate briefs.  In our order, we noted that the Circuit Court had not yet entered a separate, final judgment that resolved all of the claims in the case, and therefore, Appellant's appeal was premature and we lacked jurisdiction, absent an exception to the final judgment requirement.  We further noted two exceptions to the final judgment requirement -- the exception set forth in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), and the collateral order doctrine -- and we invited the parties to address in their appellate briefs whether the interlocutory orders being appealed satisfied the requirements for these two exceptions.

After the parties filed their opening and answering brief, but before Alexander filed his reply briefs, Alexander filed a "Motion for Stay of the Sale of the McCully Shopping Center Pending Appeal" (Motion for Stay), pursuant to Hawai'i

3

Rules of Appellate Procedure Rule 8 (2000). We denied the motion without prejudice to Alexander seeking a stay from the Circuit Court, noting that the trial court was in a better position to determine such issues as the necessity for a bond and, if a bond was required, the amount of the bond. Alexander did not thereafter file with this court a further motion for a stay in this appeal.

## II.

As a threshold matter, we must decide whether we have jurisdiction to entertain this appeal. Peterson v. Hawaii Elec. Light Co., 85 Hawaiʻi 322, 326, 944 P.2d 1265, 1269 (1997). Generally, an appellate court only has jurisdiction to review final judgments, orders, or decrees, which resolve all claims raised by all parties. See HRS § 641-1(a) (Supp. 2011); Leslie v. Estate of Tavares, 109 Hawaiʻi 8, 13 122 P.3d 803, 808 (2005). In addition, the Hawaiʻi Supreme Court has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a [separate] judgment . . . ." Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

Alexander does not dispute that the two orders he appeals from are not final orders and have not been reduced to a separate judgment. However, he argues that these orders are appealable under exceptions to the final order and judgment requirements that are set forth in the Forgay doctrine and the collateral order doctrine. We disagree.

The Forgay doctrine allows the appeal of non-final orders "which require immediate execution of a command that property be delivered to [another], and the losing party would be subjected to irreparable injury if appellate review had to wait the final outcome of the litigation." Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (internal quotation marks, citation, and brackets omitted).

Alexander's basic purpose for this appeal was to ensure that the MSC was not sold until the Circuit Court entered an appealable final judgment that permitted him to challenge the

4

underlying decisions of the Circuit Court. However, on October 25, 2010, before the sale of the MSC, the Circuit Court entered an appealable Partial Final Judgment that encompassed the underlying decisions of the Circuit Court that Alexander seeks to challenge,[2/] and Alexander has filed a separate appeal from the Partial Final Order. Moreover, after this court denied Alexander's Motion for Stay without prejudice to his seeking a stay from the Circuit Court, Alexander did not thereafter file a further motion with this court for a stay in this appeal. In addition, the MSC is owned by MA, and not by Alexander, and therefore Alexander does not have a direct ownership interest in the MSC. Under these circumstances, we conclude that Alexander has not demonstrated the irreparable injury necessary to apply the Forgay doctrine.

The collateral order doctrine permits appeals of non-final orders under the following conditions:

> In order to fall within the narrow ambit of the collateral order doctrine, the "order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment."

Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (citation omitted; brackets in original). All three conditions must be satisfied for the collateral order doctrine to apply. Id. We conclude that, at minimum, the orders challenged by Alexander in this appeal do not satisfy the second condition of resolving an issue "completely separate from the merits of the action[.]" Id. Instead, the challenged orders arise out of, and are intertwined with, the merits of the action and the decisions encompassed by the Partial Final Judgment.

---

[2/] The Circuit Court certified the Partial Final Judgment as immediately appealable pursuant to HRCP Rule 54(b).

5

III.

For the foregoing reasons, we dismiss this appeal for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 20, 2012.


_Craig H. Nakamura_
Chief Judge

_Daniel R. Foley_
Associate Judge

_Alexa D. M. Fujise_
Associate Judge

6